UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-14011-CIV-MARRA/LYNCH

JOHNNIE TERESA MARCHISIO and
ADRIAN MARCHISIO,

        Plaintiffs,

v.

CARRINGTON MORTGAGE
SERVICES, LLC,

        Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs' Motion to Strike Defendant's Affirmative Defenses [DE 17]. The motion is ripe for this Court's consideration. The Court has reviewed all of the motion papers and is otherwise duly advised in the premises.

Plaintiff's motion sought to have all of Defendant's affirmative defenses stricken. Upon reviewing Defendant's responding papers, Plaintiff withdrew its request as to all but the first affirmative defense. [DE 20 at 1-2]. This affirmative defense sets forth that Defendant was the servicer of a mortgage loan and that Plaintiffs defaulted on the subject loan. [DE 14 at 31, ¶1-2]. It continues that:

> 4. To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiffs' own failure to mitigate the alleged damages, the alleged damages were caused in whole or in part by their own acts or omissions.
> 5. To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, the alleged damages were

1

>     caused in whole or in part by individuals and/or entities over whom
>     Carrington had no control, right of control or responsibility.

[*Id*. at ¶¶4-5].

Plaintiff originally argued that this affirmative defense was no more than a bare bones conclusory allegation and should, therefore, be stricken. [DE 17 at 4]. Defendant, in response, notes that the Eleventh Circuit requires a defendant to assert a failure to mitigate damages as an affirmative defense, or it is waived. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000). [DE 19 at 4]. Defendant argues that it alleged sufficient facts to demonstrate that it was Plaintiffs' own conduct, including their default on the loan, that caused their damages, including their alleged poor credit and inability to purchase a home. [*Id*. at 5].

Plaintiffs reply that while Defendant's response provides some clarification, "[d]ue to the virtual fact-free nature of the First Defense, the plaintiffs have no idea what type of scenario Carrington is referring to when asserting it; therefore, they cannot understand or respond to the First Defense." [DE 20 at 4].

The Court feels that the affirmative defense as pled satisfies Fed. R. Civ. P. Rule 8(c), which simply requires that a party "state" its affirmative defenses. To the extent Plaintiffs seek the factual support for this affirmative defense, this can be probed during discovery. If, after discovery, Plaintiffs believe that there is no factual support for the affirmative defense, they can move to strike it at that time.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendant's

Affirmative Defenses [**DE 17**] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of July, 2014.

                                                                                                                KENNETH A. MARRA
                                                                                                                  United States District Judge