UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14011-CIV-ROSENBERG/LYNCH

JOHNNIE TERESA MARCHISIO AND ADRIAN MARCHISIO,

    Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/



### ORDER ON DEFENDANT'S MOTIONS TO COMPEL (DE 39 & 40)

    **THIS CAUSE** comes before this Court upon the above Motions. Having reviewed the Motions, noting that they are unopposed and without awaiting Responses, this Court finds as follows:

    1.    Through the two instant Motions, the Defendant seeks to compel two credit bureaus to produce documents and information about the Plaintiffs' credit reports. The two subject credit bureaus are non-parties to this litigation. There is no dispute over the production of the credit reports. The credit bureaus answered that they would produce the subpoenaed information---they just needed either with the Plaintiffs' notarized permission or a Court Order to do so. The Defendant elects the latter option and requests this Court to enter the necessary Orders.

    2.    Before considering whether to grant the requested relief, this Court emphasizes the Motions' glaring procedural

defect: they are untimely. The Defendant served the underlying Subpoenas to the two credit bureaus on November 10th and November 19th, 2014, respectively. The credit bureaus answered them on November 14th and December 1st, 2014, respectively, explaining the need for either the Plaintiffs' permission or Court Order. This was the non-parties' answers to the discovery requests. Thus, pursuant to Local Rule 26.1(i), the Defendant had 30 days from those dates within which to seek judicial relief.

3. This 30-day deadline serves an important purpose: to ensure the orderly progression of discovery and to bring discovery to completion by the overall discovery deadline. Not only does the Defendant file its Motions to Compel well outside that 30-day timeframe, but it files them on the eve of the discovery deadline of March 13, 2015. The Defendant does not explain its egregious delay in addressing the matter, and the Motions should be denied summarily for their blatant untimeliness. Nevertheless, in the exercise of its discretion, this Court will overlook the procedural defect and rule on the Motions' merits. This Court does so only because the Motions are unopposed---by both the Plaintiffs and implicitly by the non-parties---and because the nature of the relief required is administrative in nature. Were this not the case, the Motions would have been denied.

It is hereby,

**ORDERED AND ADJUDGED** that the Motions to Compel (DE 39 & DE 40) are **GRANTED**. Experian Services Corp. and Equifax, Inc. shall comply with the respective Subpoenas served upon them. They shall produce responsive discovery by **THURSDAY, MARCH 26, 2015**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of March, 2015.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Seric J. Fallon, Esq.
    Paul Kim, Esq.