UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-14011-CIV-LYNCH

JOHNNIE TERESA MARCHISIO
AND ADRIAN MARCHISIO,

    Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/



FILED by _____ D.C.

SEP - 4 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### ORDER ON PLAINTIFFS' MOTION TO COMPEL (DE 69)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court finds as follows:

1. On January 23, 2013 the Plaintiffs and Defendant settled a legal dispute over the Defendant's alleged continued collection activity on a discharged debt. The Plaintiffs released all of their claims against the Defendant up to that point. The Plaintiffs now say that despite the discharged debt, despite notice of that fact, and despite the settlement, the Defendant continued to call the Plaintiffs to collect on it. This, the Plaintiffs alleged, violated Florida's Consumer Collections Practices Act, § 559.72(9), Fla. Stat. The Plaintiffs therefore seek records of any such calls made to them by way of supplemental requests. The Plaintiffs assert in their Reply that they received such calls but that their telephone

service provider has no incoming call records for their mobile phones.

2. This Court notes that the Plaintiffs do not provide the actual requests at issue here. In their Motion the Plaintiffs instead provide the Defendant's answers to them and to other of their supplemental requests. There in its Answer the Defendant declined on relevance grounds to produce "call logs" as well as "phone logs, records, [and] recordings reflecting calls made to the Marchisios from date of settlement to present." The timeframe at issue, at least for one of the subject requests, was "October 2013 to present".

3. When it responded to the instant Motion, the Defendant did answer these discovery requests. It "affirmatively state[d] that it placed no calls to Plaintiffs from October 1, 2013 to the present for either of the subject loans and that no documents responsive to the Plaintiffs' request exist." This partially answered the Plaintiffs' discovery requests, and the Plaintiffs' Reply shows that the dispute has evolved somewhat. Now the Plaintiffs ask that the Defendant disclose any third party vendors that might have handled "outbound calling operations" during the timeframe of "fall of 2013". The Plaintiffs insist that they did receive calls after the settlement and they approximate the time of those calls to be then. In the Reply's Conclusion they seem to expand the scope of

their request to be for call records by the Defendant or its vendors during the entire "post settlement" span of time.

4. From the foregoing, this Court construes and restates the Plaintiffs' requests in the form of one request for all call records placed by the Defendant, itself, or any vendor on the Defendant's behalf to the Plaintiffs after January 23, 2013. This Court finds this information relevant to the issue of whether the Defendant took action in an attempt to enforce a known discharged debt in violation of the law. From the foregoing, this Court construes that the Defendant's production to-date is incomplete. The Defendant's production to-date is only for a limited time span, and it leaves ambiguous whether vendors could have called the Plaintiffs on its behalf.

5. This Court overrules the Defendant's objection that the requested discovery is irrelevant because it exceeds what the Plaintiffs plead in their Complaint. In their Complaint, the Plaintiffs plead that the Defendant took action to enforce the discharged debt after execution of the relevant agreement. These allegations are broad enough to encompass acts of calling the Plaintiffs and during any time after January 23, 2013. This Court finds sufficient that reference to the Defendant implies any vendor acting on the Defendant's behalf for purposes of contacting the Plaintiffs about the discharged debt.

6. This Court adds that compelling the Defendant to answer this discovery in full (that is, for the entire post-settlement time span and regarding both itself and any potential vendor calling on its behalf) is consistent with Rule 26(b)(1)'s broad definition of relevance for discovery purposes and the preference for deciding the legal issues against a complete evidentiary record. This Court adds that it sees nothing unduly prejudicial in answering the request in full. If the Defendant (or a vendor acting on its behalf) reached out to the Plaintiffs by calling them, then there is the possibility of some documentation of that open act. The Plaintiffs deny that their telephone service provider has records of their incoming calls. Therefore the Plaintiffs have need for the Defendant's record of outgoing calls to them.

7. This ruling is consistent with Judge Marra's earlier ruling at DE 21 in the Defendant's favor. There, Judge Marra allowed the Defendant's Affirmative Defense to stand, as pled. Even though the Defendant pled that Affirmative Defense with little specific facts to support it, Judge Marra left it a matter of discovery for the Plaintiffs to probe for factual support. "If, after discovery, Plaintiffs believe that there [still] is not factual support for the affirmative defense, [then] they can move to strike it at that time", he advised.

8. This Court also is allowing this discovery to proceed and compelling the Defendant to go ahead and answer the discovery request as construed in full now in order to help bring all discovery to completion by the discovery deadline of October 9, 2015. This Court already has extended the discovery deadline twice and otherwise has reset the trial date and other pre-trial deadlines. This Court did so as a convenience to the Defendant in order to accommodate its late discovery needs.

It is therefore,

**ORDERED AND ADJUDGED** that the Motion (DE 69) is **GRANTED**. The Defendant shall answer the subject discovery request in full. That is, the Defendant shall state whether it called the Plaintiffs after January 23, 2013. If a vendor(s) could have called the Plaintiffs on the Defendant's behalf, then the Defendant shall identify those vendor(s). Lastly the Defendant shall provide records that document any such outgoing calls to the Plaintiffs. The Defendant shall produce this discovery by **FRIDAY, SEPTEMBER 18, 2015.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of September, 2015.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Paul Kim, Esq.
    Christopher P. Hahn, Esq.