UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14011-CIV-LYNCH

JOHNNIE TERESA MARCHISIO AND
ADRIAN MARCHISIO,

    Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/

FILED by ___ D.C.

NOV 23 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## ORDER ON PLAINTIFFS' THIRD MOTION TO COMPEL DISCOVERY (DE 83)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court finds as follows:

1.    The Plaintiffs allege that the Defendant pursued various debt collection activities against them in violation of relevant law and contrary to the parties' own agreements. One facet of the overall debt collection activities concerns forced-placed insurance ("LPI") and the collection of LPI premiums. Evidently third-party vendors carried out LPI collection activities on the Defendant's behalf. The Plaintiffs learned of these vendors later in discovery, and they have been seeking discovery related to these vendors since August 2015.

2.    This Court's prior Order (DE 92) addressed discovery issues concerning one of those vendors, SWBC. In that Order this

Court compelled the production of the requested discovery. The instant Motion to Compel concerns the other two vendors: Mphasis and Telsi Insurance Agency, LLC. (now known as Carrington Insurance Agency, LLC). The instant Motion to Compel also concerns some other outstanding discovery.

3. Ongoing discovery efforts have rendered at least some of this moot. Moreover the instant Motion is limited to discovery over which the <u>Defendant</u> has possession or control. The Motion does not concern discovery that the Plaintiffs are seeking from the vendors directly. This Court addresses the remaining disputes over the Defendant's production below.

4. This Court begins with the various contracts and policy documents that govern the relationship between the Defendant and its vendors. Of them, it appears that the "Lender Protection Program, Master Policies, and Exhibits" remain outstanding. It is unclear why the Defendant still has not produced it and other subject documents. The Plaintiff also asks for the Defendant's "Produce Agreement" with the SWBC vendor and that document's addendums. The Defendant produced its 2015 LPI Policy document but not yet the 2013 and 2014 versions. The Defendant shall produce all such contracts and policy documents by the given deadline.

5. The next issue concerns the Defendant's use of redactions. The Defendant produced its "Vendor Management

Policy" and its 2015 LPI Policy but with redactions. The Defendant redacted those portions of the documents that it considers irrelevant to the Plaintiffs' claims for relief.

6. The Plaintiffs object to the redactions. They explain that these documents in their complete form are indeed relevant to their claims. The Defendant redacted the terms of its Escrow Administrative Policy, but the Plaintiffs explain that escrow often is related to LPI collection issues. Moreover what is considered "relevant" for discovery purposes may be broader than what dis/proves a claim for relief. Reviewing a document in full generally lends more insight than a heavily redacted document does. The Plaintiffs object to the Defendant's use of a "Privilege Log" arguing that relevance is not a basis for privilege. Laudably the Defendant at least provide a "Privilege Log" to account for the redactions, but ultimately the Plaintiff is correct. This Court finds, generally speaking, the Plaintiff entitled to unredacted documents. If the Defendant has confidentiality concerns, then it shall avail itself of the protections of the already entered Confidentiality Order(DE 38).

7. Next this Court addresses the Plaintiffs' request for all communications with the third party vendors. The Defendant objects to this request as overbroad, but this Court overrules the objection. It appears that the Plaintiffs narrow their request to those communications (1) regarding LPI Collections

(2) against the Plaintiffs. These qualifiers narrow the scope of the discovery request to what is relevant to this litigation. One such specific concerns communications between SWBC and the Defendant's representative, Sandra Magana, of whom until very recently the Plaintiffs were unaware. Since it appears that Ms. Magana is a witness and has relevant information to disclose, the Defendant shall produce such responsive information.

8. The Defendant maintains that it has produced all responsive documents of which it knows. The Plaintiffs seek verification such as the disclosure of the search terms it used to search for all responsive documents. This Court notes that the course of discovery has led the Plaintiffs to learn of persons, entities, and materials that perhaps the Defendant should have produced earlier. Even if such were the case, this Court accepts the Defendant's representation that except where otherwise discussed in this Order as still outstanding, the Defendant has produced all responsive documents that it knows about. This Court therefore does <u>not</u> compel the Defendant to produce verification of such.

9. Lastly this Court discusses the conclusion of the Plaintiffs' Reply where they list out at Nos. 1–14 the discovery that remains outstanding. The production of these fourteen topic areas is consistent with this Court's prior discovery Orders and

the instant Order. Therefore this Court compels the Defendant to complete the production of these listed documents, as well.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiffs' Third Motion to Compel Discovery (DE 83) is **GRANTED**. The Defendant shall produce (or complete the production of) the discovery as directed above. The Defendant shall do so by **FRIDAY, DECEMBER 11, 2015**. This Court does not award attorney fees.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of November, 2015.

---
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Christopher P. Hahn, Esq.
    Paul Kim, Esq.