UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14011-CIV

JOHNNIE TERESA MARCHISIO
and ADRIAN MARCHISIO,

    Plaintiffs,

vs.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR STATUTORY DAMAGES FILED IN COMPLIANCE WITH ECF NO. 172**

Pursuant to this Court's Order Creating Briefing Schedule [ECF No. 172], Plaintiffs Johnnie Teresa Marchisio and Adrian Marchisio (the "Marchisios"), file this brief regarding the award of statutory damages under 15 U.S.C. § 1681n(a)(1)(A) against Defendant Carrington Mortgage Services, LLC ("Carrington" or "CMS") for its willful violation of the FCRA.

**BACKGROUND**

**Procedural Background**

1. On September 13, 2016, this Court entered its Order on Defendant's Motion for Summary Judgment and on Plaintiffs' Motion for Partial Summary Judgment [ECF No. 171]. In that Order, the Court found that Plaintiffs had met their burden of demonstrating both an unreasonable investigation by CMS and a causal link between that unreasonable investigation and the erroneous verification of CMS's incorrect credit report on the Marchisios. ECF No. 171 ¶69. The Court found that

Plaintiffs are entitled to summary judgment in their favor, based on the "extensive litigation history" that heightened the need for correct reporting and for careful investigation, and that supported the Court's finding that CMS's FCRA violation was willful. *Id*. ¶71. The Court noted that "[t]his case does not present the situation of a simple, one-time mistake, or an instance of simple human error." *Id*. ¶72.

2. The Court found that "Defendant had an insufficient system to incorporate the Settlement Agreement's terms into its databases" and relied on the expert witnesses for both sides who agreed that "the better practice is to make settlement-related information readily available to an ACDV investigator." *Id*. ¶73.

3. The Court ruled that the "unique circumstances of this case and the strength of the Plaintiffs' proffer and arguments compel the entry of summary judgment in their favor, not only on the reasonableness element but by extension on the willfulness element, as well." *Id*. ¶75.

4. The Court found that the Marchisios are entitled to statutory damages, costs and attorneys' fees. *Id*. ¶79.

## **MEMORANDUM OF LAW**

While they move, in accordance with this Court's instructions, for an award from this Court of their statutory damages under the FCRA, the Marchisios maintain that they are entitled to have a jury trial on all damages in this case and do not waive this right. *See Nelson v. Equifax Information Servs., LLC*, 522 F.Supp.2d 1222, 1238 (C.D. Cal. 2007) ("In federal court, all damages issues, including punitive damages, are to be decided by the jury. . . . Given that Plaintiff timely demanded a jury trial, the Court sees no reason why it, rather than the jury, would assess statutory damages.") (*citing Feltner*

*v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998)).

Plaintiffs are entitled to statutory damages of up to $1,000 each for Adrian Marchisio and for Johnnie Teresa Marchisio, for each and every credit reporting agency (CRA) to whom they had to dispute Carrington's willful and erroneous reporting. The Marchisios made disputes with three different CRAs: Equifax, Experian and Transunion. But CMS verified the disputed information rather than correcting the information. ECF No. 171 ¶28, 29.

In determining the amount of statutory damages to be awarded under the FCRA, a jury should consider the value of the rights and protections conferred on the Marchisios by the FCRA's requirements. *See Ashby v. Farmers Ins. Co.*, 592 F.Supp.2d 1307, 1318 (D. Ore. 2008) (concluding that factor most germane to the amount of a statutory-damages award is jury's perception of the importance, and hence the value, of rights and protections conferred on consuming public by FCRA). These requirements exist "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).[1]

Specifically, the FCRA requires a furnisher to (1) conduct a reasonable investigation of the disputed information, (2) review all information provided by the CRA, (3) report the results of its investigation to the CRA, (4) if the investigation shows that the information is incomplete or inaccurate, to report those results to all other

CRAs to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis, and (5) to modify, delete or permanently block reporting of information that it finds upon investigation to be inaccurate or incomplete or that cannot be verified after any reinvestigation. *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611 (6th Cir. 2012).

Here, CMS violated these requirements when it adopted and implemented an *ad hoc* system that created an elevated risk that not only reported the Marchisios' settlement information inaccurately but also verified the inaccurate information. CMS's own expert even agreed that the withholding of relevant information from the investigation process departed from industry standard.

Accordingly, Plaintiffs are each entitled to $3,000 for a total of $6,000 in statutory damages under the FCRA. *See Haberman v. PNC Mortgage Co.*, 915 F.Supp.2d 800, 807 (E.D. Tex. 2013) (finding that statutory damage award of $1,700 was appropriate for multiple FCRA violations); *Saunders v. Equifax Information Services, LLC*, 469 F.Supp.2d 343, 348, n5 (E.D. Va. 2007) (affirming jury's $1,000 statuory damages award based on misconduct of furnisher).

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court enter an order awarding $6,000.00 in statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

---

[1] *See also* S.Rep. No. 517, 91st Cong., 1st Sess. 1 (1969)(The purpose of the FCRA is "to protect consumers from being unjustly damaged because of inaccurate *or arbitrary* information in a credit report")*;* 115 Cong.Rec. 2411 (1969)("the most serious problem in the credit reporting industry is the problem of inaccurate *or misleading* information"); *Koropoulous v. Credit Bureau, Inc.,* 734 F.2d 37, n4 (DCC 1984).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Defendant in a good-faith effort to resolve the issues raised in the motion and that counsel has advised that Defendant opposes the relief sought herein.

DATED: October 28, 2016

Respectfully submitted,

Shapiro & Kim LLP
3113 Stirling Rd., Suite 202
Fort Lauderdale, Florida 33312
(954) 961-7000 Telephone

By: /s/Paul Kim

Paul Kim
Florida Bar No. 37111
pkim@shapirokim.com
Scott R. Shapiro
Florida Bar No. 17767
sshapiro@shapirokim.com

and

Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, Florida 33394
(954) 527-1115 Telephone

Jay Kim
Florida Bar No. 137863
jkim@kvllaw.com
Kristen L. Palacio
Florida Bar No. 111687
kpalacio@kvllaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Paul Kim

**SERVICE LIST**

Christopher P. Hahn, Esq.
Maurice Wutscher LLP
333 SE 2nd Avenue, Suite 2000
Miami, Florida 33131
chahn@MauriceWutscher.com

*Attorneys for Defendant*

VIA CM/ECF