UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JOHNNIE TERESA MARCHISIO and
ADRIAN MARCHISIO,

        Plaintiffs,

  v.                                             Case No. 2:14-cv-14011-FJL

CARRINGTON MORTGAGE SERVICES,      Honorable Judge Frank J. Lynch, Jr.
LLC                                                     Judge Presiding

        Defendant.
_____/

**CMS' RESPONSE TO PLAINTIFFS' MOTION FOR STATUTORY DAMAGES**

Defendant Carrington Mortgage Services, LLC ("CMS"), by its attorneys, responds in opposition to Plaintiffs Johnnie Teresa Marchisio and Adrian Marchisio's ("Plaintiffs") Motion for Statutory Damages Filed in Compliance with ECF No. 172 [D.E. 184] ("Motion") as follows:

**Introduction**

This Court found that CMS November 7, 2013 investigation of Plaintiffs' credit report dispute violated the FCRA. *See* Summary Judgment Order [D.E. 171] at pp. 60-61. This Court's inquiry was limited to the November 21, 2013 credit report that Experian generated as a result of CMS verifying an incorrect balloon entry in the November 7, 2013 investigation. *Id*. at p. 34. Plaintiffs' Motion fails to provide adequate legal authority to show why they are entitled to $3,000.00 each in statutory damages under the FCRA—beyond the amount of statutory damages "not less than $100 and not more than $1,000" the statute permits for this single FCRA violation.

On September 13, 2016, this Court entered its Order on Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment ("Summary Judgment Order"), which in part, granted summary judgment in Plaintiffs' favor as to Count I of their

Amended Complaint for violations of the federal Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA").

More specifically, this Court Summary Judgment Order concluded, in part, that CMS failed to conduct a "reasonable investigation" into Plaintiffs' credit dispute, in violation of its obligations under 1681s-2(b)(1). *See* Summary Judgment Order [D.E. 171] at ¶ 70.

While the Court found that CMS' willfully violated FCRA, it determined that CMS' actions did not support the award of punitive damages, and further held that CMS "entitled to summary judgment on the issue of actual damages." *Id* at ¶¶ 78, 80.

Accordingly, and pursuant to the Summary Judgment Order, this Court ordered the parties to brief the issue as to the appropriate amount of statutory damages to award Plaintiffs as a result of this Court's findings that CMS violated FCRA [D.E. 172].

As this Court acknowledged, FCRA allows Plaintiffs to recover statutory damages in an amount "of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A); Summary Judgment Order [D.E. 171] at ¶ 79. As such, CMS disputes Plaintiffs' position that they are entitled to statutory damages totaling $6,000, and argues that Plaintiffs are entitled to no more than $1,000.00 in statutory damages for CMS' supposed FCRA violation.

## Argument

**I.    FCRA Limits Recovery of Statutory Damages Up to $1,000.**

Plaintiffs may only recover statutory damages that the FCRA allows.

Originally, the FCRA provided actual and punitive damages for willful violations. *Harris v. Mexican Specialty Foods, Inc*., 564 F.3d 1301, 1306 (11th Cir. 2009), citing 15 U.S.C. § 1681n(a)(1)-(2) (1970). In 1996, Congress amended this section, adding that victims of willful violations could receive "any actual damages sustained by the consumer as a result of the failure

2

or [statutory] damages of not less than $ 100 and not more than $ 1,000." *Id* at 1306; Pub L. No. 104-208, Div. A, Title II, Subtitle D, 2412(b), 110 Stat. 3009-446 (1996) (codified at 15 U.S.C. § 1681n(a)(1)(A1681n(a)(1)(A)).

Section 1681n(a) provides, in pertinent part:

(a) In General  Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
(1)
(A)  any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;

(B) [I]n the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) [S]uch amount of punitive damages as the court may allow; and

(3) [I]n the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

Here, as expressly provided in the Summary Judgment Order, this Court declined to award Plaintiffs actual damages, and entered summary judgment in CMS' favor on the issue of actual damages. *See* Summary Judgment Order [D.E. 171] at ¶ 78.  Thus, pursuant to Section 1681n(a)(1)(A)' plain language, the maximum amount of statutory damages this Court can award Plaintiffs is $1,000.00.

Although the statute itself provides no criteria for courts to apply in assessing the appropriate amount of statutory damages for willful violations of FCRA, courts have discretion to award statutory damages within the range provided by the statute. *See Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 74 (1st Cir. 2008).  Even if a jury rather than this Court assessed

statutory damages—as Plaintiffs' Motion suggests—the statute does not provide discretion to juries to render their verdicts arbitrary.

As previously stated by this Court, Section 1681n(a)(1)(A) provides a "narrow, statutorily-established range" that limits the juries' valuation of harm by mandating that the statutory damages be fixed between $100 and $1,000.  *Harris*, 564 F.3d at 1312 (11th Cir. 2009); *Accord, In re Farmers Ins. Co.*, 738 F. Supp. 2d 1180, 1223-24 (W.D. Okla. 2010).

As such, Plaintiffs' statutory damages award cannot exceed the FCRA's maximum $1,000 amount.

## II.     Plaintiffs' Statutory Damage Award Should Not Exceed $1,000, as This Court Determined That CMS Committed One Singular Violation.

CMS acknowledges that while Section 1681n(a)(1)(A) provides a range as to the amount of statutory damages, it is unsettled whether damages are available for each and every violation, or the total amount of damages a consumer may claim, regardless of the number of willful violations.  *See Amason v. Pantry, Inc.*, 2014 U.S. Dist. LEXIS 90537 *33-*34, fn. 5 (N.D. Ala. 2014).   There is no dispute however that statutory liability for a single FCRA violation is "capped at $1,000."  *Harris*, 564 F. 3d at 1311.

Here, Plaintiffs' argue that each Plaintiff is entitled to a $3,000 award, reflecting three separate violations "for each and every credit reporting agency (CRA) to whom they had to dispute [CMS'] willful and erroneous reporting."  Motion at p. 3.

However, Plaintiffs' argument that three such violations occurred is incorrect as the Summary Judgment Order cites only **one** such "willful" violation—that CMS' November 7, 2013 investigation of Plaintiffs' credit report dispute was unreasonable.  *See* Summary Judgment Order [D.E. 171] at pp. 60-61.  Further, the Summary Judgment Order repeatedly only references **one** singular FCRA **violation**.  *Id* at ¶¶ 70, 71, 77.

4

Plaintiffs cite two non-binding and unpersuasive cases from other jurisdictions, to advance their position that they are entitled to $6,000 in statutory damages under FCRA: (i) *Haberman v. PMC Mortgage Co.*, 915 F.Supp.2d 800 (E.D. Tex. 2013), and; (ii) *Saunders v. Equifax Information Services, LLC*, 469 F. Supp. 2d. 343 (E.D. Va. 2007).

*Haberman* involved a mortgage servicer's multiple willful violations of the FCRA by improperly requesting and obtaining the plaintiff consumer's credit information from a credit reporting agency. Specifically, the servicer requested the credit information on eight separate occasions without having a legal, permissible purpose as required by FCRA. *Haberman*, 915 F. Supp. 2d at 807.

Despite the *Haberman* Court's holding that the servicer committed eight separate, willful violations of FCRA, it declined to award statutory damages in the maximum amount of $1,000 for each separate violation. Instead, the Court awarded the plaintiff consumer $1,700 "represent[ing] $100 for the seven account reviews and $1,000 for the eight account review, which occurred after Defendant was sued in this case." *Id*. The *Haberman* court found that $100 per pre-suit violation was appropriate in a situation where, like here, plaintiff "did not suffer pain and suffering or any other actual damage as a result of the account reviews." Thus, even if this Court determined that CMS' reporting to the three CRAs constituted three distinct, willful violations of FCRA–which it should not—*Haberman* does not support Plaintiffs' request for $1,000 for each such violation. Instead, *Haberman* supports awarding Plaintiffs $100 each - $100 for the pre-suit violation this Court found. *Haberman* also supports the proposition that this Court, not a jury, may determine the amount of FCRA statutory damages.

*Saunders* supports this Court's finding that only one willful violation occurred here. *Saunders* involved multiple claims by the Plaintiff against the furnisher, BB&T, and several

5

credit reporting agencies (CRAs) "concerning the reporting of derogatory credit information by BB&T to the CRAs following Saunders' nonpayment on an automobile loan obtained from BBT." *Saunders*, 469 F. Supp. 2d. 345, 346. As cited in Plaintiffs' Motion, the *Saunders* court affirmed the jury's $1,000 statutory damages award based on the misconduct of the furnisher Defendant. Accordingly, despite the fact that the Court found Saunders' reporting to multiple CRAs violated the FCRA—as Plaintiffs contend in the instant matter—it declined to award separate statutory damages for violations in reporting to each separate bureau.

Pursuant to this Court's finding that CMS' actions constituted one, single willful violation of FCRA, Plaintiffs' statutory damages should not exceed $1,000. Instead, based on the case law Plaintiffs' cite and the fact that they suffered no actual damages, this Court should award each Plaintiff $100 in FCRA statutory damages.

### III. This Court should determine Plaintiffs' FCRA statutory damages.

This Court already found Plaintiffs suffered no actual damages. As such, the only labor that remains is affixing the amount of Plaintiffs' FCRA statutory damages. The FCRA provides that Plaintiffs may receive statutory "damages of not less than $100 and not more than $1,000" but is silent on whether a court or a jury should determine the amount of statutory damages. 15 U.S.C. § 1681n(a).

As the FCRA does not explicitly prescribe a jury trial to determine a plaintiff's statutory damages, this Court may determine Plaintiffs' FCRA statutory damages. *See, e.g. Haberman*, 915 F. Supp. 2d at 807.

### Conclusion

Based upon the FCRA's limits of statutory damages for willful violations under Section 1681n(a)(1)(A), and this Court's finding that only one such willful violation occurred, this Court

6

should not award Plaintiffs more than $1,000 in statutory damages.  Instead, this Court should award each Plaintiff $100 in FCRA statutory damages.

Dated: November 28, 2016                                 Respectfully submitted,

                                            **CARRINGTON MORTGAGE SERVICES, LLC,**

                                    By: /s/Christopher P. Hahn
                                          Christopher P. Hahn
                                          Maurice Wutscher LLP
                                          Florida Bar No. 87577
                                          333 S.E. 2nd Avenue, Suite 2000
                                          Miami, FL  33131
                                          Direct:  (772) 237-3410
                                          Fax:  (866) 581-9302
                                          E-mail: chahn@MauriceWutscher.com

**Certificate of Service**

     The undersigned hereby certifies that, on this **28th day of November, 2016**, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

                                                    /s/ Christopher P. Hahn