UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14011-CIV-LYNCH

JOHNNIE TERESA MARCHISIO AND
ADRIAN MARCHISIO,

    Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, LLC,

    Defendant.
_____/

FILED by ___ D.C.

JAN -- 4 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

ORDER ON

PLAINTIFFS' MOTION FOR CLARIFICATION OR RECONSIDERATION AS TO COUNTS FOR INJUNCTIVE RELIEF TO ENFORCE SETTLEMENT AGREEMENT (DE 187)
and
PLAINTIFFS' MOTION FOR STATUTORY DAMAGES (DE 184)

AND

ORDER LIFTING STAY OF THE ATTORNEY FEE AND COST MOTIONS

**THIS CAUSE** comes before this Court upon the above two Motions. Having reviewed the Motions and their respective Responses and Replies, this Court finds as follows:

1. This Court begins with the Plaintiffs' Motion for Clarification or Reconsideration. This Motion brings into issue the last two counts of the Plaintiffs' Amended Complaint: Count IV which is entitled "Preliminary Injunctive Relief (District Court Settlement)" and Count V which is entitled "Permanent Injunctive Relief (District Court Settlement)". Also at issue is

this Court's Summary Judgment Order found at DE 171. The Plaintiffs seek consideration of Counts IV and V which this Court did not discuss there, at least in an express and separate way.

2.   That is not to say the Summary Judgment Order did not consider the Plaintiffs' Amended Complaint, which is found at DE 93, in full. This Court's Summary Judgment Order (DE 171) in effect consists of two parts. The first part resolves those counts of the Amended Complaint that the parties addressed directly in their respective motions for partial summary judgment. The second part extends the legal and factual analysis of the first part to the remaining counts to resolve them, as well. This Court found the legal and factual analysis necessitated by the parties' partial summary judgment motions to extend logically to all of the claims for relief raised in the Amended Complaint and to direct resolution of the Amended Complaint on the whole. This Court explained this result at several junctures in its summary judgment ruling and concluding at ¶100 thereof. This includes by implication the two injunction counts at issue now. Nevertheless, to the extent the Plaintiffs seek an express consideration of Counts IV and V, this Court will do so here.

3. The Plaintiffs' Motion for Clarification or Reconsideration invokes an additional aspect of the Summary Judgment Order. At ¶53 thereof this Court observed that "the Plaintiffs [do not] raise any specific performance-type argument . . . ." Facially, at least, this was an accurate observation. Counts IV and V ostensibly were for <u>injunctive</u> relief. The Plaintiffs did not directly ask for the specific performance of the parties' Settlement Agreement contract by way of a separate and independent claim for such relief. At least they did not do so in a way as well-developed as their three main causes of action.

4. This Court made that observation at ¶53 in the context of the Plaintiffs' breach of contract claim (one of their three main causes of action). This Court found that despite the Defendant's several technical breaches of the parties' Settlement Agreement contract, the Plaintiffs' breach of contract claim still fails because the Plaintiffs had incurred no actual, monetary damages. This Court disagreed with the Plaintiffs' use of the contract's fee-shifting provision to create an alternative form of actual, monetary damages to meet that element of a breach of contract. "Nor", this Court continued, did "the Plaintiffs raise any specific performance-

type argument to justify the recovery of attorney fees for enforcing a contract."

5.   The Plaintiffs now argue that Counts IV and V did raise a claim of specific performance. As they argue in their Reply, "the Court did not apprehend that Plaintiffs sought specific performance in the form of injunctive relief." In other words the Plaintiffs argue that the counts for injunctive relief raised a claim for specific performance.

6.   To begin with, this Court disagrees with the Plaintiffs' argument, also raised in their Reply, that the omission of a direct, express analysis of Counts IV and V from its Summary Judgment Order resulted in a Mosley v. Ala. Unified Judicial System, 562 Fed.Appx. 862 (11th Cir. 2014) error. Unlike in Mosley this Court did not deem any count or claim for relief abandoned. Nor did this Court's summary judgment analysis exceed the natural scope of the parties' summary judgment arguments. To the contrary, this Court stated at length the summary judgment standard of review and explained how its ultimate conclusions were consistent with the summary judgment standard of review. If the resolution of Count A naturally resolves Count B, there is no reason to send Count B to trial just because the parties did not directly dispute Count B.

7. In any event Counts IV and V do not direct an outcome different from the one this Court reached in its Summary Judgment Order. To begin with, Count IV's request for a <u>preliminary</u> injunction plainly is moot. This litigation is well past the point to need a Rule 65 preliminary injunction to preserve the status quo.

8. Rather it is Count V's request for a <u>permanent</u> injunction that could be construed as a request for specific performance of a contract. <u>See</u> <u>generally</u>, <u>DiabloSport, LLC v. Granatelli Motor Sports, Inc.</u>, 2005 WL 2465019, *1 (M.D.Fla. 2005). This of course raises the question of what legal standard the Plaintiffs must meet in order to prevail on Count V. Does the standard for a permanent injunction apply? Or, do the elements for the specific performance of a contract apply? Regardless of which legal standard applies, Count V fails on the merits.

9. If the standard for obtaining an injunction is applied[1], the claim fails because the Plaintiffs show no threat

---

[1] "To obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest." <u>Thomas v. Bryant</u>, 614 F.3d 1288, 1317 (11th Cir. 2010).

of repeat harm. At the time when this Court rendered its Summary Judgment Order there simply was no evidence or even suggestion of ongoing breaches of the Settlement Agreement. Nor was there need to enjoin the Defendant against future breaches. Instead the Defendant brought itself into full compliance with the Settlement Agreement contract soon after the Plaintiffs had brought this lawsuit. The Plaintiffs had filed the lawsuit on January 8, 2014. Within twenty days thereof, the Defendant brought itself into full compliance. This makes the Plaintiffs' claim for a permanent injunction moot. For the remainder of the litigation no doubt over the Defendant's continued compliance arose, even as extensive as the litigation was.

10.  A specific performance theory of relief would have failed for the same reason: it would have been moot. There would have been no need for the Plaintiffs to ask for a judicial decree in their favor on such a claim for relief. Or, conversely, there would have been no basis by which this Court could award the Plaintiffs such relief when it rendered its Summary Judgment Order. There no longer was any breach or nonperformance to correct. The Defendant already was performing the terms of the Settlement Agreement contract, and there was no indication, even after extensive litigation up to that point, of

anticipated nonperformance in the future. (This assumes of course that the Settlement Agreement does not constitute a personal services contract or otherwise is of a nature that would be too difficult for this Court to oversee to ensure the Defendant's future compliance, either of which could defeat the claim for relief on its merits.)

11. Theoretically at least the absence of actual, monetary damages makes it easier for the Plaintiffs to show an inadequate remedy at law. In a general sense this opens the possibility of raising a specific performance claim for relief. See Parkway Baptist Church, Inc. v. Guideone Elite Ins. Co., 2011 WL 13099891, *3 (S.D.Fla. 2011) (emphasizing the need to show an inadequate remedy at law). However, because a claim of specific performance is moot, there is no need to consider the claim on its merits[2]. Moreover, the simple fact that the Plaintiffs' breach of contract claim fails for lack of actual monetary damages does not necessarily mean that the Plaintiffs prevail on the alternative theory of specific performance.

12. There is another facet to the Plaintiffs' request for this Court to consider a specific performance claim for relief.

---

[2] "Under Florida law, a court may, in its discretion, award specific performance if 1) the plaintiff is clearly entitled to specific performance, 2) there is no adequate remedy at law, and 3) the judge believes that justice requires it." Ioselev v. Schilling, 2014 WL 905521, *5 (M.D.Fla. 2014) (setting forth the elements of this claim for relief) (internal citation and punctuation marks omitted).

The Plaintiffs' present argument relates to the question of which party may recover attorney fees. The Plaintiffs expressed the Defendant's ongoing debt collection and related activities on the Plaintiffs' old loan in the form of three different theories of wrongdoing. The Plaintiffs expressed their grievance through a breach of contract theory as well as through alleged violations of the FCRA and FCCPA statutes. Of these three theories of the relief, this Court found the Plaintiff to prevail on only one: the FCRA claim.

13. As noted above, this Court did not find the facts to show a breach of contract. Because they were not the prevailing party on their breach of contract claim, they lost the benefit of the Settlement Agreement contract's fee-shifting provision. The Plaintiffs instead were limited to the fee-shifting provision of the FCRA statute.

14. Paragraph 6 of the Settlement Agreement contains the contract's fee-shifting provision. It permits "the prevailing party in any action commenced to enforce this Agreement" to recover "its reasonable attorneys fees, expenses, and costs" "[i]n the event of a material breach". Were the Plaintiffs to prevail on a specific performance of contract claim, then they would have that support to seek to invoke the contract's fee-shifting provision. Such a favorable ruling might also counter

the Defendant's attempt to invoke it. The Defendant is asserting that it is the prevailing party on the breach of contract claim, and in its Motion found at DE 174, the Defendant moves for a fee and cost award in its favor pursuant to that contract.

15.  The Plaintiffs complain about the incongruity in the Defendant's request for attorney fees on the breach of contract claim despite its (admitted) breach of it. However the question of whether the Defendant actually is entitled to a fee award under the contract's fee-shifting provision has yet to be answered. The Plaintiffs remain free to raise their argument as a defense to the Defendant's request for a fee award. This Court observes that the Plaintiffs have not yet responded to the Defendant's Motion.

16.  This Court summarizes its ruling on the Plaintiffs' currently pending Motion for Clarification or Reconsideration as follows: To the extent the Plaintiffs request a more express discussion of Counts IV and V of their Amended Complaint, this Court grants the Motion. For the reasons this Court explains above, this Court grants summary judgment in the Defendant's favor on Counts IV and V. However that ruling does not prejudice the Plaintiffs' ability to raise their arguments in opposition to the Defendant's Motion for Attorneys Fees (DE 174) to the extent the arguments relate to the question of whether the

Defendant is entitled to a fee-shifting award under the Settlement Agreement contract.

17. This Court turns next to the Plaintiffs' Motion for Statutory Damages (DE 184). As noted above, this Court found the Plaintiffs to have prevailed on their FCRA claim for relief. However this Court limited the Plaintiffs' recovery of damages to the statutory damages of 15 U.S.C. § 1681n(a)(1)(A). This Court left for further briefing the <u>amount</u> of those statutory damages to award. The briefing is now ripe for review.

18. The governing statute permits the award of statutory damages against "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer" in the amount "of not less than $100 and not more than $1,000". 15 U.S.C. § 1681n(a)(1)(A). In their Reply (DE 193) the Plaintiffs explain that after "further review of the record evidence, [they] are able to identify" three violations consistent with this Court's Summary Judgment Order. These three violations are the "ACDVs received from three CRAs---Experian (for Adrian Marchisio), TransUnion (for Adrian Marchisio), and Equifax (for Teresa Marchisio)." The Plaintiffs argue further that in addition to the FCRA violation caused by the Experian ACDV which this Court addressed in its Summary Judgment Order, this "Court can and should find the same violation of the FCRA

as a result of the ACDVs from TransUnion and Equifax." The evidence therefore shows a total of three instances of a "willful" violation, in other words. Were this Court to award the $1,000 maximum for each of these three violations, the total would be a $3,000 award.

19. This Court agrees with the Plaintiffs that the evidence shows three "willful" violations. This Court also agrees with the Plaintiffs that the full $1,000 amount should be awarded for each of these three violations. This Court's analysis of the Plaintiffs' FCRA claim for relief supports the $1,000 maximum.

20. This Court notes the Plaintiffs' argument that the matter should be sent to the jury to assess the amount of the otherwise liquidated statutory damages. However because this Court finds the Plaintiffs entitled to the maximum that the statute permits and the evidence supports, the Plaintiffs' argument is moot.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Clarification or Reconsideration (DE 187) is **GRANTED** to the limited extent that this Court takes the Plaintiffs' arguments into consideration and provides an express ruling. However, as this Court discusses above and summarizes at ¶16, this Court

does not find the matter to change the outcome of this Court's prior Summary Judgment Order. Instead, to the extent the Plaintiffs request an express ruling, this Court finds that the Plaintiffs do not prevail on Counts IV and V of their Amended Complaint and that summary judgment therefore is entered in the Defendant's favor on them. Although this Court resolves Counts IV and V in the Defendant's favor, the Plaintiffs remain free to raise arguments from their Motion to respond to the Defendant's fee motion to the extent they relate to the fee entitlement issue. It is further,

**ORDERED AND ADJUDGED** that in light of the above ruling, this Court **LIFTS** the stay on the briefing of the pending motions for attorney fees and bills of costs. This Court entered that stay in its previous Order at DE 189. Currently pending are two attorney fee motions (found at DE 174 and 183) and two Bills of Costs (found at DE 173 and 175). All Responses now are due by **FRIDAY, JANUARY 27, 2017.** The standard time for filing Replies shall apply. It is further,

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Statutory Damages (DE 184) is **GRANTED, IN PART.** Consistent with the Plaintiffs' request in their Reply (DE 193), this Court finds the Plaintiffs entitled to statutory damages in the total amount of $3,000. This Court therefore **AWARDS** the Plaintiffs a

total of $3,000 in statutory damages under 15 U.S.C. § 1681n(a)(1)(A). It is lastly,

**ORDERED AND ADJUDGED** that this Court will reduce the statutory damages award to final judgment later after resolution of the now pending fee and costs motions. This Court will reduce all of its rulings to-date at that later time in one comprehensive final judgment order. This Court reminds the parties of the option of submitting a Stipulated Final Judgment if in the meantime they reach a private resolution.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of January, 2017.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Paul Kim, Esq.
    Christopher P. Hahn, Esq.